IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEMO WHIRL, | Case No. 3:17-cv-01096-DRH-RJD |
| Plaintiff, | District Judge David R. Herndon |
| | Magistrate Judge Reona J. Daly |
| v. | |
| INNOVIS DATA SOLUTIONS, INC. | |
| Defendant. | |

### INNOVIS'S MOTION TO DISMISS

Plaintiff has filed two identical lawsuits against Innovis. The first lawsuit was dismissed with prejudice in June 2017. This is the second lawsuit, and it should also be dismissed with prejudice, because it does not state claims for which relief can be granted. Fed. R. Civ. P. 12(b)(6).

### STATEMENT OF FACTS

This Court may "take judicial notice of matters of public record without converting a 12(b)(6) motion into a motion for summary judgment." *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (affirming dismissal of FCRA claim).

Innovis would respectfully ask this Court to follow *Henson* and take judicial notice of the following matters of public record:

1. On November 10, 2016, Plaintiff Kemo Whirl filed a Complaint against Innovis in Marion County, Illinois. Ex. 1 (case filings obtained from the Marion County clerk) at 4-10.

2. Plaintiff's Marion County Complaint alleged that Innovis violated the Fair Credit Reporting Act, 15 U.S.C. § 1681g, because he asked Innovis for file disclosures on June 1, 2016; July 18, 2016; and August 1, 2016; and he did not receive a response. *Id*. at 4-6, ¶¶ III – XI.

3. Illinois law required Plaintiff to serve the Marion County Complaint upon Innovis "by any person over 18 years of age not a party to the action" (735 ILCS 5/2-208) or by the Illinois Secretary of State (805 ILCS 5/5.25, 5.30).

4. On December 2, 2016, Plaintiff attempted to serve Innovis himself, by sending a copy of the Marion County Complaint to Innovis by mail. Ex. 2 (Plaintiff's Marion County Proof of Service) at 4; *see also* Ex. 3 (Marion County docket) at 12/07/2016.

5. On April 6, 2017, Marion County determined that Plaintiff's attempt to serve Innovis by mail was insufficient, and that Illinois law required Plaintiff to serve Innovis by a qualified officer. Ex. 3 at 04/06/2017. Marion County scheduled a status hearing for June 6, 2017 and sent notice of that hearing to Plaintiff. *Id*.

6. On June 8, 2017, Marion County conducted a status hearing, at which it stated that "Plaintiff fails to appear or provide proper proof of service; this case is dismissed with prejudice." *Id*. at 06/08/2017; *see also* Ex. 1 at 2-3. The court sent notice of that decision to Plaintiff. *Id*.

7. Plaintiff had 30 days – or until July 10, 2017 – to appeal Marion County's decision to dismiss his Marion County Complaint with prejudice. Ill. S. Ct. R. 303(a)(1).

8. Plaintiff did not appeal Marion County's decision. Ex. 3.

9. On August 11, 2017, Plaintiff filed a complaint against Innovis in Clinton County, IL. Ex. 4.

10. Plaintiff's Clinton County Complaint alleged that Innovis violated the Fair Credit Reporting Act, 15 U.S.C. § 1681g, because he asked Innovis for file disclosures on June 1, 2016; July 18, 2016; and August 1, 2016; and he did not receive a response. *Id*. at 2-4, ¶¶ III – XI.

11. Plaintiff's Marion County Complaint and Clinton County Complaint are identical. *Compare* Ex. 1 at 4-10 *with* Ex. 4 at 2-7.

12.     On October 12, 2012, Innovis removed the Clinton County Complaint to this Honorable Court, because it presented a federal question.  ECF No. 1.

## ARGUMENT

Plaintiff's first lawsuit against Innovis – in Marion County, IL – was dismissed with prejudice.  Ex. 1 at 2-3.  Plaintiff had 30 days to appeal the dismissal.  Ill. S. Ct. R. 303(a)(1).  Instead, Plaintiff filed the same lawsuit in Clinton County, and Innovis removed it to this Court.

Under the doctrine of claim preclusion, Plaintiff's second lawsuit must be dismissed with prejudice:

> [A] final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action. In Illinois, the defense of claim preclusion has three prerequisites: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of the causes of action; and (3) an identity of parties or their privies.

*Walczak v. Chicago Board of Education*, 739 F.3d 1013, 1016 (7th Cir. 2014).

Innovis respectfully submits that under *Walczak*, Plaintiff's second lawsuit against Innovis must be dismissed, because the first lawsuit:  1) was dismissed on the merits; 2) involved the same causes of action; and 3) involved the same parties.

### 1.     Plaintiff's first lawsuit against Innovis was dismissed on the merits.

Courts applying Illinois law have ruled that when a plaintiff does not appeal a lawsuit's dismissal but instead files a second lawsuit, the doctrine of claim preclusion requires the second lawsuit to be dismissed, because the first lawsuit's dismissal was "a final judgment on the merits."

In *Gleash v. Yuswak*, 308 F.3d 758 (7th Cir. 2002), the plaintiff/appellant filed two consecutive suits against prison guards.  After the first lawsuit was dismissed with prejudice, he did not appeal, but he filed the second lawsuit instead.  The trial court dismissed the second lawsuit as barred by claim preclusion, and the Seventh Circuit affirmed.

The Seventh Circuit stated that while the trial court probably should not have dismissed the first lawsuit, the fact that it was not appealed meant that the "first suit was over, and a renewal may be dismissed on the ground of claim preclusion (*res judicata*) even if the decision in the first was transparently erroneous …. In civil litigation, the final resolution of one suit is conclusive in a successor, whether or not that decision was correct." *Gleash*, 308 F.3d at 760.

In *Bond v. Dunmire*, 473 N.E.2d 78 (Ill. App. 4th Dist. 1984), the plaintiffs/appellants filed two consecutive lawsuits against neighbors who had erected a barrier that prevented free access to their property.  When the first lawsuit was dismissed, the plaintiffs/appellants did not appeal the decision, but they instead filed a second lawsuit.  The trial court dismissed that second lawsuit as barred by *res judicata*, and the appeals court affirmed, on the grounds that "[f]inality cannot be avoided merely by filing a new lawsuit." *Id*. at 82.

In *Wilson v. Bob Watson Chevrolet, Inc*., No. 03-cv-5535, 2004 U.S. Dist. LEXIS 3274, (N.D. Ill. Mar. 1, 2004), the Northern District of Illinois dismissed a lawsuit that closely resembles Plaintiff's lawsuit here.

In *Wilson*, a pro se plaintiff filed suit in Cook County, and when that suit was dismissed, she did not appeal but instead filed a second lawsuit. *Id*. at \*\*1-2.  The defendant removed that second suit to federal court and moved to dismiss it, on the grounds that it was barred by claim preclusion. *Id*. at \*\*3-4.

The district court in *Wilson* followed *Gleash* and *Bond* and stated that "While this court might have entertained further amendments to a complaint of a *pro se* plaintiff were we presented with the original action …  our role is not to question the correctness of the previous judgment, but rather to determine if the judgment was a final adjudication on the merits." *Id*. at \*\*12-13.  It therefore granted the motion to dismiss the second lawsuit. *Id*.

In summary, federal and state courts in Illinois have consistently held that when a plaintiff's first lawsuit is involuntarily dismissed and not timely appealed, that dismissal is "a final judgment on the merits" for the purposes of claim preclusion, even if the dismissal was a mistake.

Under this precedent, when Marion County dismissed Plaintiff's first lawsuit against Innovis with prejudice, that decision was "a final judgment on the merits.".

**2.     Plaintiff's two lawsuits against Innovis involve the same causes of action.**

The second element of claim preclusion requires that two lawsuits involve "an identity of the causes of action." *Walczak*, 739 F.3d at 1016.

This second element has been satisfied. Plaintiff's first and second lawsuits against Innovis are word-for-word identical: they both allege that Innovis violated the FCRA by failing to respond to three requests for a file disclosure. *Compare* Ex. 1 at 5-11 *with* Ex. 3 at 2-7.

**3.     Plaintiff's two lawsuits against Innovis involve the same parties.**

The third element of claim preclusion requires that two lawsuits involve "an identity of parties or their privies." *Walczak*, 739 F.3d at 1016.

This third element of claim preclusion has been satisfied. Plaintiff's first and second lawsuits involve the same Plaintiff and the same Defendant. *Compare* Ex. 1 *with* Ex. 3.

## CONCLUSION

If Plaintiff had properly served Innovis with his Marion County Complaint, Innovis could and would have shown that contrary to his allegations, it responded to each of his three requests for a file disclosure. Ex. 5.[1]

---

[1] Exhibit 5 is a letter that Innovis sent to Plaintiff on December 19, 2016, detailing its efforts to comply with Plaintiff's requests for a file disclosure. Plaintiff attached this letter as an exhibit to his motion for default judgment in Marion County. *See* Ex. 3 at 1/25/17. Innovis does not offer Exhibit 5 to support this motion to dismiss, but solely for the purposes of illustrating that if Marion County had allowed Plaintiff's first lawsuit to proceed, or if this Court were to allow Plaintiff's current lawsuit to proceed, Innovis would have a defense to Plaintiff's claims.

However, Plaintiff did not serve Innovis with his first lawsuit, and Marion County dismissed it with prejudice. Under well-established precedent, this Court's task is not to second-guess that decision, but simply to ask if it was "a final decision on the merits" that involved the same claims and the same parties as Plaintiff's second lawsuit.

Because Plaintiff's current lawsuit is identical in every respect to a prior lawsuit that was dismissed with prejudice, this Court should apply the doctrine of claim preclusion and dismiss Plaintiff's current lawsuit with prejudice and without leave to replead.

/s/ Jason A. Spak
Jason A. Spak
One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Phone:  (412) 230-8555
Fax:  (412) 774-2382
jason.spak@fisherbroyles.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2017, a true and correct copy of the foregoing MOTION TO DISMISS was electronically filed with the Court's ECF system, and that a true and correct copy of the MOTION TO DISMISS was also served upon Plaintiff via United States mail to:

WHIRL, KEMO #B55932
CENTRALIA CORRECTIONAL CENTER
PO BOX 7711
CENTRALIA IL 62801-0000

/s/ Jason A. Spak
Jason A. Spak
*Counsel for Defendant*